No. 18,912.

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MARION et al., *Appellees*.

SYLLABUS BY THE COURT.

ASSESSMENT AND TAXATION — *Rate of Levy — Construction of Statute.* Under section 4 of chapter 245 of the Laws of 1909, relating to assessment and taxation, when the assessed value of the property of a given county was $39,990,591 the rate of levy was 1.22 mills.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed November 14, 1914. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley*, all of Topeka, for the appellant.

*John S. Dawson*, attorney-general, and *R. Williams*, county attorney, for the appellees; *S. N. Hawkes*, assistant attorney-general, of counsel.

The opinion of the court was delivered by

WEST, J.: This was an action to recover $111 taxes paid by the plaintiff railway company under protest in 1911. From an adverse judgment the company appeals. The sole question presented is the meaning of section 4 of chapter 245 of the Laws of 1909, relating to the limit of the levy (Gen. Stat. 1909, § 9397). The assessed valuation of the property in Marion

county was $39,990,591. The section in question provides that in any county having an assessed valuation in excess of thirty-one million dollars, up to and including forty million dollars, "the maximum levy shall be determined by reducing the levy of one and forty-six hundredths mills allowed upon a valuation of thirty-one million dollars, three hundredths of one mill for each one million dollars in excess of thirty-one million dollars, and any rate of levy so determined shall be the maximum rate of levy for all assessed valuations which are fractions of the next higher one million dollars of valuation." Similar provisions are found in other sections of the act, and it is apparent that for each million dollars exceeding thirty-one there must be deducted from one and forty-six hundredths mills three hundredths of a mill, and that by this calculation the maximum rate of levy must be determined. There is no question that the number of full millions in excess of thirty-one is eight, so that from the one and forty-six hundredths there must be deducted twenty-four hundredths, leaving one and twenty-two hundredths. The only real point of dispute is as to the rate for the fraction of the additional million, which the company claims should be treated as a full million and three one-hundredths of a mill levy be deducted on account thereof; but the concluding sentence of the section prevents this, for it expressly requires that the rate of levy so determined as already set forth "shall be the maximum rate of levy for all assessed valuations which are fractions of the next higher one million dollars of valuation." Section 2 (Gen. Stat. 1909, § 9395) provides that in case of an assessed valuation of ten million dollars or less the levy shall not exceed two and one-half mills on the dollar of such valuation, and section 3 (Gen. Stat. 1909, § 9396), that in case the valuation is more than ten million and not more than eleven million dollars the levy shall not exceed two and one-fourth mills on the dollar of such valuation, but further,

that when the assessed valuation is more than eleven million dollars, up to and including thirty million dollars, the maximum levy shall be determined by a certain reduction "for each one million dollars in excess of eleven million dollars." A similar provision is found in sections 4, 5, 6, 7, 8, 9 and 10 (Gen. Stat. 1909, §§ 9397-9403), thus making it plain that the reduction in each case is to be for each million dollars in excess of the given amount and not for each million and fraction thereof; and in each case it is also plain that the levy fixed and determined is to apply to the fraction of the next higher million dollars of valuation.

This is in accord with the action taken by the taxing officer and that of the judgment of the court below, which is affirmed.